# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5698 | **DATE** | 2/14/2001 |
| **CASE TITLE** | Design Craft Fabric Corporation vs. K-Mart Corporation, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: K-Mart and JRA's motion for summary judgment on Counts I and II against the Spring Tex Defendants is denied, and Counts I and II are dismissed. K-Mart and JRA's motion for summary judgment on Counts III and IV is granted, and the Court awards K-Mart and JRA $30,000.00 in damages.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | FEB 15 2001 | | 128 |
| ✓ | Docketing to mail notices. | date docketed | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | | |
| WAP | courtroom deputy's initials | CT FEB 14 1:1 1:50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DESIGN CRAFT FABRIC
CORPORATION, an Illinois
corporation,

               Plaintiff,

     v.

K-MART CORPORATION, a Michigan
corporation, and JRA FURNITURE
INDUSTRIES LLC,

            Defendants,

     v.

SPRING TEX, INC., a foreign
corporation, RAMYA DEHGHANI,
PARVIZ DEHGHANI, CARRIAGE
HOUSE FABRICS, LTD., a New
York corporation, and ROGER
MULLER,

          Third Party
          Defendants.

Case No. 98 C 5698

Judge Harry D. Leinenweber

---

### MEMORANDUM OPINION AND ORDER

Design Craft Fabric Corporation sued Defendants K-Mart Corporation ("K-Mart") and JRA Furniture Industries LLC ("JRA") alleging copyright infringement in violation of the Copyright Act. 17 U.S.C. §§ 101 et seq. K-Mart and JRA filed a Third Amended Third Party Complaint (the "Complaint") under FED. R. CIV. P. 14(a) against Third Party Defendants Ramya Dehghani ("Dehghani"), Parviz Dehghani, Spring Tex, Inc. ("Spring Tex"), Carriage House Fabrics, Ltd. ("Carriage House"), and Roger Muller ("Muller"), seeking

indemnification for copyright infringement, copyright infringement under the Copyright Act, breach of contract, and fraud. K-Mart and JRA moved for summary judgment on all of their claims against the third party defendants. Before the Court is K-Mart and JRA's motion for summary judgment on their claims against Dehghani, Parviz Dehghani, and Spring Tex (collectively, "the Spring Tex Defendants") only.

## BACKGROUND

Dehghani is the owner and officer of Spring Tex, a New Jersey corporation that promotes and sells printed fabrics for outdoor furniture products. Muller is an owner and officer of Carriage House, a New Jersey corporation. Carriage House is a converter, which is a company that buys unfinished cloth from textile mills and arranges for it to be dyed, printed, and shipped to manufacturers. On December 12, 1996, Dehghani, on behalf of Spring Tex, and Muller, on behalf of Carriage House, signed a letter agreement stating that "Spring Tex will call on customers and put together patterns. After receipt of orders, they will be passed to Carriage House Fabrics, who in turn, will convert and invoice the customer." The agreement also provided that any profits would be shared equally between the companies. (Exh. 5)

In early 1997, Adrienne McCarty ("McCarty") was the K-Mart employee responsible for selecting and promoting K-Mart's outdoor furniture line for the 1998 season. JRA designs outdoor furniture

and promotes the products of outdoor furniture manufacturers located in China and the Pacific Rim to U.S. retailers. In April 1997, McCarty visited JRA's showroom in Taiwan to view JRA's offerings for potential selection by K-Mart. McCarty selected two furniture lines, including the "Serenade" line. Instead of using one of the fabrics from JRA, McCarty instead located and approved a new pattern, the "Barrington" pattern, supplied by Dehghani. Dehghani had obtained the fabric sample from Muller, and Muller had obtained the Barrington sample from Swan Finishing Company, a dyer, printer, and finisher of fabric. The fabric sample that McCarty saw lacked any labeling indicating its origin or ownership. Dehghani informed Muller of K-Mart's interest in the Barrington pattern, and K-Mart and JRA assert that Dehghani sought Muller's permission to sell the rights to print and ship the pattern into the United States.

McCarty testified that Dehghani told her that she and her company Spring Tex owned the rights to the pattern and that it was her pattern to sell. McCarty instructed Dehghani to contact Paul Holmes ("Holmes"), Vice President of Sales for JRA located in California, to negotiate the sale of the rights to print and distribute the Barrington pattern in the United States. Dehghani and JRA negotiated a fixed fee of $30,000.00 for the pattern, and the agreement was reduced to two letter agreements consisting of one for $25,000.00 and the other for $5,000.00. The first letter

agreement stated "[a]s per our discussion JRA Furniture Industries is offering to buy the rights to your pattern Barrington Peach. JRA will pay Springtex Inc. [sic] the sum of $25,000.00 for the rights to print and ship this pattern into the U.S. market." (Exh. 6)   The text of the second letter was identical except for the payment amount.

Holmes later requested a much larger fabric sample from Dehghani to be used for sample cushions, and she contacted Muller to obtain the larger sample, which Muller ordered from the Swan Fabric Mill and paid for.   In August 1997, JRA sent Dehghani a check totaling $25,000.00, and later gave her a second check for $5,000.00, both of which were accepted and cashed.

JRA and K-Mart claim that they repeatedly and independently asked Dehghani to confirm her authority to sell the printing and distribution rights to the Barrington pattern, and that she repeatedly assured them that she designed the pattern and owned the rights to the pattern.   JRA's foreign manufacturer proceeded with production of thousands of pieces of furniture for K-Mart using the Barrington pattern.   It was not until Design Craft asserted its claim of copyright infringement that K-Mart and JRA knew that the Design Craft owned a copyright on the pattern.

In the underlying copyright infringement suit in this case between Design Craft and K-Mart and JRA, K-Mart and JRA have asserted an implied license defense.   K-Mart and JRA argue that

there is a long-standing practice in this industry where converters are free to use each other's patterns in fields that do not conflict with those of the pattern's owner, and of converters relying on printing companies to inform them when patterns are not available for a particular use. Under this practice, converters use patterns belonging to other companies for years without actually knowing who owns the pattern.

In this motion, K-Mart and JRA move for summary judgment arguing that the Spring Tex Defendants, Muller, and Carriage House are liable for the $30,000.00 that JRA paid Spring Tex and Carriage House, for any copyright infringement damages that K-Mart must pay to Design Craft, and any fees incurred. K-Mart and JRA further argue that the Spring Tex Defendants breached their contract with JRA to sell the rights to print and ship the Barrington patterns that Dehghani personally and with Spring Tex tortiously induced K-Mart's alleged copyright infringement through fraud and deceit. The Spring Tex Defendants failed to file a brief in response to K-Mart and JRA's motion for summary judgment.

## DISCUSSION

Summary judgment shall be granted if the pleadings along with the supporting documents "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as matter of law." FED. R. CIV. P. 56(c). In determining whether a genuine issue of material fact exists, a trial court must view the

record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir. 1990). However, a party opposing a properly supported motion for summary judgment cannot rest upon mere allegations or denials, but must present affirmative evidence in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

District courts retain discretion with respect to the enforcement of local rules. *See Dade v. Sherwin-Williams, Co.*, 128 F.3d 435, 440 (7th Cir. 1997); *Harmon v. Oki Sys.*, 115 F.3d 477, 480 (7th Cir. 1997). A party's failure to submit a timely filing, however, does not automatically result in summary judgment for the opposing party. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Where the party opposing summary judgment fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only if appropriate, meaning that the motion for summary judgment must demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Johnson*, 35 F.3d at 1112.

Here, the Spring Tex Defendants failed to respond to K-Mart and JRA's motion for summary judgment and failed to controvert K-Mart and JRA's statement of undisputed facts. Therefore, the Court deems the properly supported facts in K-Mart and JRA's statement of undisputed facts admitted. Local Rule 56.1 ("[a]ll material facts

set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.")

### The Copyright Act Claims

In Count I of the complaint, K-Mart and JRA allege that they are entitled to indemnification from the Spring Tex Dependants and in Count II K-Mart and JRA allege that the Spring Tex Defendants are liable for contributory infringement of the copyright. Although K-Mart and JRA moved for summary judgment on all counts against the Spring Tex Defendants, they spend very little time in the opening brief arguing indemnification and contributory infringement.

In Count I, K-Mart and JRA claim that they are entitled to indemnification from the Spring Tex Defendants for any damages they must pay to Design Craft for copyright infringement. K-Mart and JRA do not argue that a right to indemnification exists under the Copyright Act, as there is no right to indemnification under the Copyright Act. *See Johnston v. Smith*, No. 1:95-CV-595-RCF, 1997 WL 584349 (N.D. Ga. June 10, 1997). Further, in their opening brief K-Mart and JRA have not argued that they are entitled to indemnification under any state law theory or any other legal theory. As K-Mart and JRA have not identified any legal basis for indemnification nor set forth record evidence supporting any theory, the Court denies summary judgment and dismisses Count I.

Regarding K-Mart and JRA's claims for contributory infringement, K-Mart and JRA do not have standing to bring this claim because they do not own the copyright nor are they exclusive licensees. Only "the legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right. 17 U.S.C. § 501(b). *See also Althin CD Med., Inc. v. West Suburban Kidney Center,* 874 F. Supp. 837, 842 (N.D. Ill. 1995)(only owner and exclusive licensee have standing to sue under the Copyright Act). Therefore, K-Mart's motion for summary judgment on Count II of the complaint is denied and Count II is dismissed against the Spring Tex Defendants.

## State Law Claims

The Court must first address the choice of law issue prior to addressing Counts III and IV for breach of contract and fraud. Illinois conflict of law rules determine the controlling state law for the state law claims. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S. Ct. 1020, 1021-22 (1941). Illinois uses the "most significant contacts" test that assesses whether, given the place of contracting, negotiation, performance, location of the subject matter of the contract, the domicile, residence, place of incorporation, and business of the parties, a state's substantive law is applicable to a state law claim. *See, e.g., Pritzker v. Krishna Gallery of Asian Arts, Inc.,* 1996 WL 563442, *2 (N.D. Ill.

1996). "Courts do not worry about conflict of laws unless the parties disagree on which state's law applies." *Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998)(internal quotations and citations omitted).

Here, K-Mart argues that California law applies because JRA, which is located in California, was responsible for negotiating the rights to the Barrington patterns, actually negotiated the contract with Dehghani, and coordinated the use of the Barrington pattern and importation of K-Mart's furniture using the pattern into the United States. The Court also notes that Dehghani resides in New Jersey. K-Mart is incorporated in Michigan, and all the contract negotiations between Dehghani and JRA took place over the telephone. Carriage House is a New York Corporation, and Muller resides in New York. Furthermore, Design Craft is an Illinois Corporation, and Design Craft claims to have detected the alleged infringement in Illinois.

The focus here is on the breach of contract and the fraud claims, and there is a reasonable basis for finding that California has the most significant contacts. Since Dehghani and Spring Tex have not disputed that California law applies and because using another state's law would not change the outcome, the Court finds that California law applies.

Addressing the fraud and deceit count first, K-Mart argues that Dehghani's misrepresentations that she owned the rights to

print and ship the Barrington pattern induced K-mart to select, use, and eventually sell the pattern and induced JRA to pay $30,000.00 to Dehghani under the Letter Agreements and to release the Barrington pattern to JRA's overseas manufacturer for use. K-Mart and JRA argue that their damages consist of the $30,000.00 payment, their potential liability for copyright infringement damages, and their expenditures in defending this action.

Under California law, the elements that give rise to an action for fraud and deceit are: (1) misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and (5) resulting damage. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 401, 264 Cal. Rpt. 779, 784 (Cal. Ct. Ap. 1990); *Home Budget Loans, Inc. v. Jacoby & Meyers Law Offices*, 207 Cal. App. 3d 1277, 1285, 255 Cal. Rpt. 483 (Cal. Ct. App. 1989); Cal. Civ. Code, §§ 1572, 1710 (defining one form of deceit as "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true."). Although K-Mart and JRA refer to this action generally as one for "fraud," based on the complaint, the cases and statutes that K-Mart and JRA cite as well as their argument in this motion,

their cause of action is more properly called one for negligent misrepresentation.

K-Mart and JRA have submitted unrefuted evidence to support every element of their fraud claim. Dehghani told representatives for K-Mart and JRA that Spring Tex had the rights to the Barrington pattern and that those rights were described in the letter agreements that Spring Tex had with JRA. (Dehghani Dep., at 31, 35) While Dehghani testified in her deposition that she did not know who designed the pattern, it is undisputed that she knew that she did not own the copyright on the pattern. Further, McCarty repeatedly asked Dehghani whether she designed the pattern and whether she owned it, and Dehghani answered affirmatively to both. (McCarty Dep., at 118-20, 125) Dehghani also told Holmes that she designed the pattern and owned it. (Holmes Dep., at 68) The record indicates that Dehghani had no basis to believe that she owned the rights to the pattern, that K-Mart and JRA were justified in relying on Dehghani's representations that she designed and owned the rights to the pattern, and that K-Mart and JRA were injured by her misrepresentations. As Dehghani failed to respond to this motion and has failed to raise any issues of fact, the court grants JRA and K-Mart's motion for summary judgment on Count IV.

K-Mart and JRA also moved for summary judgment on their breach of contract claim. Pursuant to the two letter agreements, JRA paid Dehghani a total sum of $30,000.00, made in two payments, in

exchange "for the rights to print and ship [the Barrington peach pattern] into the U.S. Market." (Exh. 6)  Thus, the focus of K-Mart's breach of contract argument is that Dehghani did not and could not comply with an essential term of the contract, and therefore she breached the contract.

Breach of contract is established by:  (1) the existence of a valid and enforceable contract;  (2) breach of the contract by defendant;  (3) performance of the contract by plaintiff; and (4) a resulting injury to the plaintiff (*i.e.*, damages proximately caused by the breach).  *Gonzales v. Am. Ex. Credit Corp.*, 733 N.E.2d 345, 351 (1st Dist. 2000); *Harris v. Rudin, Richman & Appel,* 74 Cal. App. 4th 299, 307, 87 Cal. Rptr. 2d 822, 828 (Cal. Ct. App. 1999). Here, where a contract was induced by fraud, K-Mart and JRA could either rescind the contract, or affirm it and sue for damages for the breach.  *See Filet Menu, Inc. v. C.C.L. & G., Inc.*, 79 Cal. App. 4th 852, 861-62, 94 Cal. Rptr. 2d 438, 444 (Cal. Ct. App. 2000).

K-Mart and JRA argue that Dehghani breached the contract because she could not and did not perform her obligations under the contract and that K-Mart and JRA fully performed their obligations under the contract.  The Court agrees that K-Mart and JRA have demonstrated that Dehghani has breached the contract by failing to perform and that K-Mart and JRA have performed and suffered damages due to the breach.  No reasonable jury could find otherwise.

Therefore, the Court grants K-Mart and JRA's motion for summary judgment on Count III.

## CONCLUSION

For the foregoing reasons, K-Mart and JRA's Motion for Summary Judgment on Counts I and II against the Spring Tex Defendants is denied, and Counts I and II are dismissed. K-Mart and JRA's Motion for Summary Judgment on Counts III and IV is granted, and the Court awards K-Mart and JRA $30,000.00 in damages.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: _February 14, 2001_